Ned MASSIMIANI, Plaintiff,

v.

The MONONGAHELA RAILWAY CO., Inc., Defendant.

Civ. A. No. 71–1041.

United States District Court,
W. D. Pennsylvania.

March 14, 1972.

Moschetta & Moschetta, Washington, Pa., for plaintiff.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

This action was brought under the Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq. We presently are confronted with defendant railroad's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

For disposition of the motion we assume the correctness of the factual allegations of the complaint.

Plaintiff alleges that in 1968 he was suffering from certain diseases and disabilities which he had sustained while in defendant's employ. Plaintiff alleges that defendant and its agents knew of plaintiff's disorders and in spite of that knowledge recalled plaintiff to employment. According to the complaint, defendant thereafter did at times assign plaintiff to work which was beyond his capacity. The result of being required to perform such work was that plaintiff suffered aggravation of his existing condition and incurred new disability. Plaintiff alleged that his worsened condition was the result of the negligence of defendant's agents in failing to give appropriate consideration to his physical condition when making work assignments.

An employee's claim under F. E.L.A. does not depend on an ability to show injury resulting from a particular negligent act, Urie v. Thompson, 337 U. S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). In *Urie* the plaintiff had acquired silicosis allegedly as a result of the defendant's negligence in maintaining the sanders on its locomotives. The court held that the contracting of such a disease over a period of years was an "injury" within the meaning of the F. E.L.A. The occurrence of a specific accident is, contrary to the defendant's contentions, not a prerequisite to the existence of a claim. Defendant also argues that if plaintiff employee knows of his physical disabilities his employer is absolved of any duty to protect the employee from further injury. The decision of the Third Circuit Court of Appeals in Dunn v. Conemaugh & Black Lick R., 267 F.2d 571 (3d Cir. 1959), *aff'ing*, 162 F.Supp. 324 (W.D.Pa.1958), rejects this position. In that case the plaintiff employee had returned to work seven weeks after major abdominal surgery. Though defendant knew of this surgery, plaintiff was assigned to work requiring very heavy lifting. A ventral hernia developed requiring surgical correction. Defendant again returned plaintiff to heavy work and again plaintiff developed a ventral hernia. Eventually plaintiff was rendered unfit to perform any heavy work for the remainder of his life. The liability of defendant railroad based on its failure to give proper consideration to plaintiff's weakened condition was upheld. See also, Isgett v. Seaboard Coast Line R., 332 F. Supp. 1127 (D.S.C.1971). Under *Dunn* we conclude that the railroad has a duty not to aggravate known disabilities in an employee by negligently assigning that employee to perform work which reasonable men would realize might aggravate his disability.

We conclude that the instant complaint alleges a breach of this duty by the defendant railroad.